# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. HENDAL,** | : | CIVIL ACTION NO. 1:07-CV-2134 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CRAIG CHALMERS**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 5th day of December, 2008, upon consideration of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 22), and of the previous order of court directing plaintiff to file a brief in response to the motion, see L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . [or] shall be deemed not to oppose such motion."), or risk dismissal of the above-captioned action for failure to prosecute (Doc. 32), and it appearing that plaintiff has failed to notify the court of a change in his current address, which has caused the order of court to be returned as undeliverable[1], and has also caused plaintiff to fail to be notified of the order and the impending consequences of failing to respond to defendants' motion, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

---

[1] The recent order of court (Doc. 32) was returned to the Clerk of Court stamped "return to sender, not deliverable as addressed, unable to forward." (Doc. 33, at 3.)

dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), and it further appearing that plaintiff is personally responsible for failing to notify the court of his new address, for failing to respond to the motion or order of court, and for creating the inability of the court and defendants to communicate with him, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the motion for summary judgment, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to provide the court with a current address so that the court may communicate with plaintiff constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because failure to respond to the motion results in the motion him being deemed unopposed and because plaintiff is proceeding in forma pauperis in this action (Doc. 6), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that the court's balancing of all of the Poulis factors weighs heavily in favor of dismissal, it is hereby

2

ORDERED that the complaint (Doc. 1) is DISMISSED for failure to prosecute. The Clerk of Court is directed to CLOSE this file. The Clerk of Court is further directed to TERMINATE any pending motions (Doc. 22.)

                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge